RHODA WATTS, Etc., *v.* ISAAC WHITTINGTON'S EXRS.

**Exceptions to Depositions Waved.**
> The appellant having failed to except at the time to the decision of the court, sustaining exceptions to the deposition, must be taken to have waved the objection.

**Same — Deposition in Another Case.**
> There does not appear to have been such identity of parties, subject-matter, and issues in that suit and this action as would authorize the reading of testimony taken in the former case as evidence in this.

**Same — Interested Witness.**
> A defendant is not a competent witness for his codefendant where they are both interested in the issue raised by their joint answer.

APPEAL FROM WOODFORD CIRCUIT COURT.

December 6, 1866.

OPINION OF THE COURT BY JUDGE HARDIN:

If, as contended for the appellants, the Circuit Court erred in sustaining the exceptions of the appellee to the deposition of R. S. Taylor, the appellants having failed to except at the time to the decision must be taken to have waived the objection, and although the appellants excepted to this ruling after the trial and final judgment against them, as the record shows, it cannot in this form be regarded in this court.

We do not perceive that the court erred in refusing to allow the appellants to read to the jury the portion of the deposition of the appellant Watts offered in evidence, taken in the suit of Heams *v.* Whittington. Besides the grave objection arising from the direct interest of the witness in the fact his deposition tended to establish, there does not appear to have been such identity of parties, subject-matter, and issue in said suit and this action as to authorize the reading of testimony taken in the former case as evidence in this, according to any authority of which we are aware.

Nor is there any valid objection, as we think, to the refusal of the court to permit the appellant Whittington to examine his co-defendant Watts as a witness. They were parties to the same issues presented by a pleading purporting to be, and filed as, the

joint answer of themselves and Rhody Watts, without objection on the part of either of them, and Watts was, therefore, incompetent to testify in behalf of his codefendant. Civil Code, § 670.

It does not appear to us from the record that there was any evidence before the jury conducing to prove either ground of defense relied on by the defendants or either of them, and it seems to us, therefore, the court properly instructed the jury peremptorily to find for the plaintiff.

Wherefore, perceiving no error in the judgment, the same is affirmed with damages.

*Porter & Greathouse, for appellees.*